By the Court.
On June 25,1920, the plaintiff in error filed with the Public Utilities Commission schedules designated as “P. U. C. 0. No. 2,” containing three sections, designated as ‘ ‘ Section 1, Local Exchange Tariff,” “Section 2, General Exchange Tariff,” and “Section 3, Toll Tariff,” which schedules were to become effective August 1, 1920. These schedules changed and varied the rates, joint rates, tolls, schedules, charges, rentals, and practices of the former schedules, amendments and supplements thereof, and also divided the Cincinnati metropolitan district into eight exchange areas, in *371 which areas the rates were not in all respects uniform. Protests were filed with the Public Utilities Commission by the city of Cincinnati and by the subscribers in the various areas.
On March 18, 1921, after a hearing, the Public Utilities Commission approved the schedule designated “P. U. C. 0. No. 2.” Application for rehearing was thereafter overruled, and a petition in error was filed in this court by the city of Cincinnati, by which the city brought to this court for review the following questions:
(1) Had the telephone company sustained the burden of proof relative to the justness and reasonableness of the proposed rate?
(2) Was the reduction in size and extent of the areas in which free call service had theretofore prevailed unreasonable and an improper charge?
(3) Could the telephone company legally create a metropolitan district and exclude from such district territory lying within the boundaries of the principal city of such district?
(4) Where a public utility raises more money in a particular year than is required for actual depreciation, may it carry the excess to capital for the purpose of estimating the amount on which it is entitled to pay dividends?
On the 16th of May, 1922, this court reversed the order of the Public Utilities Commission and entered upon its journal the following:
“This cause came on to be heard upon the transcript of the record of the Public Utilities Commission of Ohio, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this court, that the order of the said Public Utilities *372 Commission of Ohio he and the same is hereby reversed. It is further ordered and adjudged that the plaintiff in error recover of the defendant in error its costs herein taxed at $-, and inasmuch as the judges who concur in the judgment in this case do not agree upon the grounds upon which the judgment is put, no authoritative opinion is filed, but the several judges concurring may file opinions setting forth their views. It is further ordered that said cause be remanded to the Public Utilities Commission for further proceedings according to law.
“Ordered, that a special mandate be sent to the Public Utilities Commission of Ohio, to carry this judgment into execution.”
On July 11, 1922, the Public Utilities Commission, evidently intending to obey the mandate of this court, and construing that mandate as automatically reinstating the rates in force on July 31,1920, without any further hearing, made an order that the “Cincinnati & Suburban Bell Telephone Company, has not herein sustained the burden of proof imposed upon it by Section 614-20, General Code of Ohio, and has not shown that the increased and changed rates, charges, tolls, rentals, classifications, regulations, practices, and joint rates applicable and relating to its service in Hamilton county, Ohio, set forth and published in its schedule ‘P. U. C. 0. No. 2,’ filed with this commission, to become effective August 1,1920, were just or reasonable,” and thereupon established “the rates, charges, tolls, rentals, classifications, regulations, practices, and joint rates applicable and relating to the furnishing of respondent’s service in Hamilton county, Ohio, set forth and published in the schedules, which were in *373 effect on. the 31st day of July, 1920, issued under said company’s ‘P. U. C. O. No. 1.’ ”
The entry of this court was effective for the purpose of reversing the order and finding with reference to “P. U. C. 0. No. 2,” but beyond that it did not go.
The commission, by reason of the fact that the majority of this , court were unable to agree upon the ground of reversal, and therefore limited its judgment to a reversal only, was left in the dark as to the ground or grounds upon which the court based its. judgment. While one member of the court stated his reasons for such reversal (105 Ohio St., 181, 137 N. E., 36), since the other members of the court concurring in the order of reversal withheld their concurrence in the reasons and law stated by the sole member, the opinion served no purpose to indicate either the ground of reversal or the law of the case.-
This court, then, having failed to indicate its reason or reasons for reversal, and having limited its order to a reversal and remand for “further proceedings according to law,” the Public Utilities Commission upon the receipt of the mandate was in no different situation than it would have been, had it found, while the matter was still before it, that “the rates, joint rates, tolls, schedules, charges, rentals and practices of schedule P. U. C. 0. No. 2” were unreasonable or unlawful, in which event it would have been its duty, under Section 614-23, General Code, to “fix and determine the just and reasonable rate # * * to be thereafter !* * * charged, demanded, exacted or collected for the performance or rendition of the service.” Such just *374 and reasonable rate might or might not have been the rate theretofore in force, but the latter would not become the rate automatically. Both the utility and its patrons would have been entitled to have the judgment of the Public Utilities Commission upon that subject, and if by reason of changed issues, or for any other cause, it were necessary for the commission to have further facts upon which to exercise such judgment, it would have been the duty of the commission to secure such facts, either by its own initiative or by giving the parties interested an opportunity to produce evidence thereof. Therefore, when the order of the Public Utilities Commission was reversed by this court, and the cause remanded generally for further proceedings according to law, the cause came again before the Public Utilities Commission for the exercise by it of its judgment, and, if the record before it was not sufficient to enable it to intelligently exercise such judgment, it was its duty to either itself supplement that record or permit the parties interested to make such supplement, and then base its conclusion upon such record.
The order of the Public Utilities Commission of July 11, 1922, will be reversed, and the cause remanded to the commission to hear and determine according to law the just and reasonable rate to be charged by the plaintiff in error herein.

Order reversed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur.